# Order

**Michigan Supreme Court**
**Lansing, Michigan**

August 1, 2008

136835 & (23)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

                                SC: 136835
                                COA: 285794
                                Wayne CC: 08-111273-AS
                                36th DC: 08-58160

KWAME KILPATRICK and
CHRISTINE BEATTY,
          Defendants-Appellees.

_____/

      On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the July 2, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

      KELLY, J., concurs and states as follows:

      I concur in the decision to deny leave to appeal because the lower court decisions are consistent with MCR 2.003(B), the court rule regarding judicial disqualification. But I write to voice my concern that, in its current form, the court rule is inadequate to assure that only unbiased judges hear cases.

      MCR 2.003(B)(1) requires disqualification if "[t]he judge is personally biased or prejudiced for or against a party or attorney."[1] This Court has interpreted this language to

---

[1] MCR 2.003(B) provides other instances where disqualification is required. It is clear that none of them requires disqualification of the entire 36th District Court bench in this case.

      In addition, "where the requirement of showing actual bias or prejudice under MCR 2.003(B)(1) has not been met, or where the court rule is otherwise inapplicable, parties have pursued disqualification on the basis of the due process impartiality requirement." *Cain v Dep't of Corrections*, 451 Mich 470, 497 (1996). No due process violation has been alleged in this case.

require the party challenging a judge to show actual bias.[2] I question whether imposing such a heavy burden is appropriate, because clearly there are cases in which a party cannot show actual bias, yet judicial disqualification should be required.

For example, in *Special Wayne Prosecutor v Recorder's Court Judges*,[3] the underlying matter was the criminal prosecution of a Recorder's Court judge. The judge had been charged by a citizen's grand jury. It appears that all the judges of the Recorder's Court were subjects of the grand jury investigation. On the prosecutor's motion, this Court ordered the recusal of the entire Recorder's Court bench.

It appears that this was a wise decision. If a sitting Recorder's Court judge had dismissed the charges against the indicted judge, the public reasonably could have seen it as an act of "self-protection." It could have been viewed as an attempt by the sitting judge to interfere with the criminal investigation into his or her own behavior.

But I question whether MCR 2.003(B) would permit us to order the recusal of an entire bench under the same circumstances today. The court rule did not exist when *Special Wayne Prosecutor* was decided.[4] No other Recorder's Court judges had been indicted when the motion came before this Court to recuse the entire bench. Nor was there any proof that other judges would be indicted. There was only speculation. Thus, there was no actual bias, only the appearance of bias. I think that the Court should amend MCR 2.003(B) to ensure that, if a case like *Special Wayne Prosecutor* were to arise again, it would be proper for us to disqualify the entire bench.

Amending the court rule to include an "appearance of bias" standard has support in the law beyond our jurisdiction. Federal law requires a federal judge to disqualify him or herself "in any proceeding in which his impartiality might reasonably be questioned."[5]

---

[2] *Id.* at 495.

[3] *Special Wayne Prosecutor v Recorder's Court Judges*, 409 Mich 1119 (1980).

[4] The court rule became effective March 1, 1985. *Special Wayne Prosecutor* was decided in 1980.

[5] 28 USC 455.

A number of states provide similar standards for disqualification.[6]  And members of this Court have voiced approval for a similar standard in the past.[7]

Unlike in the *Special Wayne Prosecutor* case, there is in this matter no suggestion of wrongdoing on the part of any of the judges of the 36th District Court.  Moreover, I am not suggesting that I would vote to recuse the entire bench, even if the court rule clearly allowed it upon an adequate showing of the appearance of bias.  But, as the rule now stands, the appearance of bias, however strong, will not be so much as considered by this Court.  This situation must be remedied.

CAVANAGH, J., joins the statement of KELLY, J.

WEAVER, J., would grant immediate consideration and reverse the Court of Appeals and remand this case to the Court of Appeals for expedited consideration as on leave granted.

---

[6] See, e.g., *Jefferson-El v State*, 330 Md 99 (1993) for application of an "appearance of impartiality" standard.

[7] *People v Adair*, 474 Mich 1027, 1043 (2006) (statement of Cavanagh, J.); *Id.* at 1046 (statement of Weaver, J.); *Id.* at 1051 (statement of Kelly, J.).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 1, 2008

_Corbin R. Davis_
Clerk

p0729